United States District Court
District of Massachusetts

```
_____
                               )
BAIN & COMPANY, INC.,          )
         Plaintiff,            )
                               )
         v.                    )    Civil No.
                               )    12-10602-NMG
JIM WOODS,                     )
         Defendant.            )
                               )
_____)
```

**MEMORANDUM AND ORDER**

**GORTON, J.**

In considering Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, this Court has reviewed the Complaint, the supporting memorandum of law, declarations submitted by Wendy Miller, Welly Tantono, Jennifer Major, Kimberly Herman and accompanying exhibits and has heard oral argument from plaintiff's counsel at a hearing on April 19, 2012 of which defendant received notice but at which he did not appear.

Accordingly, the Court finds:

A.   Plaintiff Bain & Company, Inc. ("Bain") is likely to succeed on the merits of its trademark infringement claim by demonstrating that use by defendant Jim Woods ("Woods") of "Bain", "Bain and Company" and "Bain Consulting Group" in connection with his actual or offered consulting services has infringed and would, if continued, infringe Bain's rights in its

-1-

trademarks "Bain" and "Bain & Company" ("the Bain Marks");

    B.    Bain has submitted evidence that the defendant's infringing conduct has included:

1. use of the domain "www.bainconsultinggroup.com" to promote consulting services;

2. posting on a website for defendant's consulting business "Innothink Group" a purported Press Release containing the header "About Bain Consulting Group";

3. identifying himself on the website "jimwoods.posterous.com" ("the Woods Website") as "President and founder of Bain Consulting Group";

4. providing through the Woods Website articles or posts that can be accessed by clicking on links labeled "Bain Consulting Group", "management consulting Bain Consulting Group", "Bain and Company" and "Bain";

5. posting on the Woods Website statements intended to mislead and misinform the public about his relationship with Bain;

6. through the Woods Website, directing readers to contact defendant's business at "info@bainconsultinggroup.com";

7. use of the email address "jim@bainconsultinggroup.com";

8. maintenance of a blog at "jimwoods.tumblr.com", where defendant has held himself out as President and founder of Bain Consulting Group;

9. use of the website "www.twitter.com" ("Twitter") to solicit subscriptions to the "Bain Consulting Group newsletter"; and

10. use of Twitter to describe defendant's "Bain Consulting Group" as a "leading management consulting firm helping companies innovate and grow";

    C.    Bain has shown that such infringement of the Bain Marks has caused and, if not stopped, will continue to cause, immediate and irreparable injury to Bain; and

D. Bain has shown that harm to Bain from denial of injunctive relief would outweigh any harm to the defendant's legitimate interests if injunctive relief is granted and that it is in the public interest to issue an injunction.

**PRELIMINARY INJUNCTION**

In accordance with the foregoing, plaintiff's motion for a preliminary injunction (Docket No. 4) is **ALLOWED** and it is hereby **ORDERED, ADJUDGED AND DECREED** that, from the date of this Order until further notice of the Court:

1) Woods and any business or entity under his control (hereafter collectively "Woods") shall cease using and shall not hereafter use the names "Bain and Company", "Bain Consulting Group" and "Bain" in connection with actual or offered consulting services, including but not limited to use in advertising, marketing, promoting, selling, offering for sale or performing such services;

2) Woods shall remove from all websites, webpages, blogs and other internet sources under their control or management (including but not limited to metatags associated with such locations) all uses of "Bain and Company", "Bain Consulting Group" and "Bain" in connection with actual or offered consulting services, including but not limited to use in advertising, marketing, promoting, selling, offering for sale or performing such services;

3) Woods shall cease using and shall not hereafter use email addresses with the email suffix "@bainconsultinggroup.com";

4) Woods shall post no content at or associated with the domain "www.bainconsultinggroup.com", other than a notice saying no more than "This site is not currently available", and shall not sell or transfer to anyone other than Bain the domain "www.bainconsultinggroup.com";

5) Woods shall not refer to Jim Woods as the President of, a founder of or affiliated with Bain Consulting Group or any business using a Bain Mark that offers consulting services;

6) Woods shall refrain from infringing on any of Bain's trademarks or trade names;

7) Woods shall not encourage, instruct, cause or assist any person or entity to engage in any conduct that Woods is hereby enjoined from engaging; and

8) within seven (7) days of entry of this Preliminary Injunction, Bain shall post with the Clerk of this Court a bond in the amount of One Thousand Dollars ($1,000) to be held by the Court as security for this Preliminary Injunction pursuant to Fed. R. Civ. P. 65(c).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 19, 2012